# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

IVAR J. McDONALD, DENNIS "MAC D." McDONALD a/r/a "DOWNTOWN SEWING MACHINE COMPANY,"

      Plaintiffs,

vs.

STATE OF NEVADA, NEVADA DEPARTMENT OF TAXATION, NEVADA OFFICE OF ATTORNEY GENERAL, and ASSOCIATES\ETC THEREOF\THEREFROM\ETC,

      Defendants.

Case No.: 2:14-cv-00545-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendants Nevada Department of Taxation and Nevada Office of Attorney General ("Defendants") on May 21, 2014. Responses to the motion were due by June 7, 2014. Plaintiffs Ivar J. McDonald and Dennis "Mac D." McDonald a/r/a "Downtown Sewing Machine Company" ("Plaintiffs"), proceeding *pro se*, have failed to file any response to Defendants' motion. However, Plaintiffs did file a Motion to Quash (ECF No. 13) Defendants' motion on June 10, 2014. Subsequently, on June 23, 2014, Defendants filed a Second Motion to Dismiss (ECF No. 14) due to Plaintiffs' failure to oppose the original Motion to Dismiss as well as a Response (ECF No. 15) to the Motion to Quash. Plaintiffs have not filed any response or reply to these filings.

I. <u>**BACKGROUND**</u>

According to their 323-page Complaint (ECF No. 1), Plaintiffs own a business known as Downtown Sewing Machine Company ("DSMC") in Henderson, Nevada, which began operating on August 1, 2007. (Complaint ¶¶ 10, 84, 86 ECF No. 1). Plaintiffs, however, assert

that they have never operated or managed DSMC. (*Id.* ¶ 88).  Instead, DSMC is managed by non-party Carrie McDonald, who does not appear to have any ownership interest in DSMC. (*Id.* ¶¶ 85, 89–90).

In September of 2011, the Nevada Department of Taxation conducted an audit of DSMC for the audit period of August 1, 2008 through July 31, 2011. (*Id.* ¶¶ 13–15, 184).  The auditor found seven delinquent reporting periods between August 1, 2008 and July 31, 2011. (*Id.* ¶ 184).  The auditor also found that DSMC was not charging its customers sales tax on an entire sales transaction but instead would credit customers the sales tax on the value of sewing machines that were traded in as part of the purchase of a new machine. (*Id.* ¶¶ 15–16).  The amount of the deficiency as of January 2014 was $53,903.41. (*Id.* ¶¶ 15, 17).

Following the delinquency assessment, Plaintiffs appear to have gone through the administrative process outlined in Nevada Revised Statutes Chapters 360, 373, and 233B by obtaining a hearing before an Administrative Law Judge ("ALJ") and subsequently appealing the ALJ's findings against them to the Nevada Tax Commission. (*Id.* ¶¶ 32, 59–69, 210–213).  However, following an appeal hearing on October, 7, 2013, the Nevada Tax Commission ultimately denied Plaintiffs' appeal. (*Id.* ¶ 32).

After their appeal was denied, Defendants attempted to collect the deficiency by levying Plaintiff's bank account in the amount of $6,269.89, which Plaintiffs alternatingly describe as "bank rape," "embezzlement," and "plundering." (*Id.* ¶¶ 26–28, 294).  Plaintiffs then filed the present lawsuit in federal court, alleging three causes of action: (1) breach of contract, (2) breach of civil laws, and (3) breach of civil rights. (*Id.* ¶¶ 216–284).  All of these claims appear to be based on allegations that Defendants failed to provide Plaintiffs with information or notice of the laws under which Defendants are attempting to collect on the tax deficiencies. (*Id.*).  Plaintiffs, however, fail to identify what contract, civil laws, or civil rights they allege have been breached. (*Id.*).  As relief for their claims, Plaintiffs seek a monetary judgment

against Defendants, including punitive damages, of over $1,999,999,999.99 as well as a dismissal of any audit deficiencies. (*Id.* ¶¶ 285–297).  In essence, however, it appears that Plaintiffs' true purpose in filing the present action is to obtain relief from Defendants' collection of the tax deficiencies.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and can only hear matters where Congress or the Constitution has specifically granted the Court such power. *Bender v. Williamsport Area Sch. Dist.*, 475. U.S. 534, 541 (1986).  Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When a federal court determines that it does not have subject matter jurisdiction, the entire case must be dismissed. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).

## III.   DISCUSSION

In their Motion to Dismiss, Defendants argue that Plaintiffs' Complaint should be dismissed for lack of subject-matter jurisdiction because the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, prohibits a taxpayer from filing a suit in federal court challenging a state tax assessment when state law provides a sufficient remedy and the Nevada Administrative Procedures Act, Nev. Rev. Stat. § 233B.130, provides such a remedy. (Mot. to Dismiss 2:2-8, ECF No. 4).  In their Motion to Quash (ECF No. 13), Plaintiffs offer no counter to this argument, but they instead argue that Defendants' motion should be quashed because (1) Defendants failed to timely answer the Complaint and are therefore in default and (2) the motion is defective because it did not list the State of Nevada as a separate defendant. (Mot. to Quash 2:27-3:4, 4:28-5:2, 5:16-11:3, ECF No. 13).

First, the Court notes that Plaintiffs' claims in their Motion to Quash are without merit. Federal Rule of Civil Procedure 12 provides that a motion to dismiss for lack of subject-matter jurisdiction may be made prior to the filing of a responsive pleading and that such a motion postpones the time to serve a responsive pleading until 14 days after notice of the court's action on such a motion. Fed. R. Civ. P. 12(a)(4), (b).  Therefore, the deadline for Defendants to file a responsive pleading to the Complaint has not passed.  Furthermore, pursuant to the Eleventh Amendment of the United States Constitution, the State of Nevada is immune from suit without an express waiver of that immunity. *See Edelman v. Jordan*, 415 U.S. 651, 662–63, 673 (1974). Here, Plaintiffs have made no allegations of waiver, so the State of Nevada is not even a proper party to the suit and Defendants' failure to list it as a party in their motion is of no consequence. Accordingly, Plaintiffs' Motion to Quash is denied.

Regarding Defendants' argument in their Motion to Dismiss, the TIA states that "(t)he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  As noted by the Supreme Court, the TIA "shields state tax collections from federal-court restraints." *Hibbs. v. Winn*, 542 U.S. 88, 104 (2004); *see also May Trucking Co. v. Oregon Dep't of Transp.*, 388 F.3d 1261, 1266 (9th Cir. 2004) ("The Act is first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.") (internal quotations omitted). Therefore, in an action where the Plaintiff is seeking to challenge the imposition or collection of a state tax and state law provides remedies from such imposition or collection, "the [TIA] bars federal jurisdiction so long as those remedies are 'plain, speedy and efficient.'" *May Trucking Co.*, 388 F.3d at 1270.

Moreover, federal courts "must construe narrowly the 'plain, speedy, and efficient' [remedy] exception to the Tax Injunction Act." *California v. Grace Brethren Church*, 457 U.S.

393, 413 (1982).  "Whether the exception to the [TIA]'s jurisdictional bar applies depends on whether a state-court remedy meets 'certain minimal *procedural* criteria.'" *May Trucking Co.*, 388 F.3d at 1270 (citing *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981)).  "[A] taxpayer has a 'plain, speedy and efficient remedy' within the meaning of the [TIA] so long as it may obtain a full and fair hearing in the courts of the state whose tax that taxpayer challenges." *Id.* at 1262.  To meet this standard, there must be certainty that the state forum is "empowered to consider claims that a tax is unlawful and to issue adequate relief." *Dillon v. State of Mont.*, 634 F.2d 463, 467–68 (9th Cir. 1980).  A state remedy, however, "need not ... be the best remedy available or even equal to or better than the remedy which might be available in the federal courts." *Mandel v. Hutchinson*, 494 F.2d 364, 367 (9th Cir. 1974) (internal quotations omitted).

Here, Plaintiffs are seeking to prevent the collection of state taxes through a lawsuit filed in federal court, and they have provided no argument that their claims are excepted from the TIA based on the State of Nevada's failure to provide a plain, speedy, and efficient remedy for their claims.  Therefore, Plaintiffs have failed to establish this Court's jurisdiction or state a claim upon which relief may be granted by this Court.

Moreover, Nevada law does provide a forum empowered to consider claims that a tax is unlawful and to issue adequate relief.  The Nevada Administrative Procedures Act, Nev. Rev. Stat. § 233B.130, provides that a person "aggrieved by a final decision in a contested case, is entitled to judicial review of the decision" and lays out the procedure by which a petition may obtain judicial review. *See also* S. *Cal. Edison v. First Jud. Dist. Court*, 255 P.3d 231, 237 (Nev. 2011) (Chapter 233B provides the sole remedy after a final decision by the Nevada Tax Commission regarding sales and use tax claims).  This state remedy is "plain, speedy, and

/ / /

/ / /

efficient" within the meaning of the TIA.[1] *See Laform v. State of Nev. Dep't of Taxation*, 962 F. Supp. 1307, 1308 (D. Nev. 1996) (finding the judicial review in Nev. Rev. Stat. § 233B.130 a sufficient state remedy under the TIA). Accordingly, the Court finds that it does not have jurisdiction in this matter, and grants Defendants' Motion to Dismiss.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 4) is **GRANTED**. Plaintiffs' Complaint (ECF No. 1) is dismissed.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Quash (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 20th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] The Court notes that Plaintiffs' failure to avail themselves of the proper state law remedy, which required a petition to be filed within thirty days of the agency's decision and now appears to be time-barred, does not render the remedy ineffective and subsequently trigger the TIA exception. *See Stephens v. Portal Boat Co.*, 781 F.2d 481, 483 (5th Cir. 1986) ("[F]ailure to comply with applicable Louisiana procedures did not compel a finding that there was no 'plain, speedy and efficient remedy' in the state courts for review of its tax dispute."); *see also Jerron W., Inc. v. State of Cal., State Bd. of Equalization*, 129 F.3d 1334, 1339 (9th Cir. 1997), *as amended* (Jan. 29, 1998) (finding that the plaintiffs' failure to pursue the state administrative or judicial remedies did not render those remedies ineffective).